UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN THE MATTER OF THE APPLICATION OF
STEVEN BANKS, AS THE COMMISSIONER
OF SOCIAL SERVICES FOR THE CITY OF
NEW YORK,

                          Petitioner

            -against-

FOR THE APPOINTMENT OF A GUARDIAN
FOR ADAM STEIGER, also known as ADAM
KARTIGANER, A Person Alleged to be
Incapacitated,

                          Respondent.

21-CV-1343 (LLS)

ORDER

LOUIS L. STANTON, United States District Judge:

      Respondent, who is appearing *pro se*, filed a notice of removal to remove to this Court an action pending in the Supreme Court of the State of New York, Queens County. *See Banks v. Steiger,* No. 724797/2020. He invokes the Court's diversity jurisdiction, 28 U.S.C. § 1332, and federal question jurisdiction, 28 U.S.C. § 1331. For the reasons set forth below, the action is remanded to the Supreme Court of the State of New York, Queens County.

## STANDARD OF REVIEW

      A defendant in a state-court action may remove a matter to federal district court if the district court has original jurisdiction over the action. 28 U.S.C. § 1441(a). To remove a state-court action to a federal district court:

> [a] defendant . . . shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all

process, pleadings, and orders served upon such defendant or defendants in such action.

28 U.S.C. § 1446(a).

The right of removal is "entirely a creature of statute," and the "statutory procedures for removal are to be strictly construed." *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 32 (2002). A federal district court may *sua sponte* remand an action within 30 days of the filing of the notice of removal for a procedural defect, or at any time for a lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131-33 (2d Cir. 2006); *Hamilton v. Aetna Life & Cas. Co.*, 5 F.3d 642, 643-44 (2d Cir. 1993).

## BACKGROUND

Respondent Adam Steiger, also known as Adam Kartiganer, alleges that on January 25, 2021, someone from the Mental Hygiene Legal Services in Queens County, New York, notified him that an action had been filed in the New York Supreme Court, Queens County, under Title 81 of the New York Mental Health Law. (ECF 1 at 2.) Respondent learned that a temporary guardian had been appointed for him and that a hearing would be held immediately to consider whether to make the guardianship permanent. He contends that the guardianship would result in "a forcible relocation of Respondent from [his] home" and "dissolution of all of Respondent's assets." (*Id.* at 3.)

Respondent notes that a social services worker had "previously initiated a failed 2016 case against" him, and that false testimony had been given at a hearing on September 11, 2020, before Judge Carmen Velasquez of the New York Supreme Court, Queens County. (*Id.* at 3-4.) Respondent invokes the Court's federal question jurisdiction on the ground that two or more illegal acts have been committed, in violation of the Racketeer Influenced and Corrupt

Organizations (RICO) Act. According to Respondent, "venue is correct as Queens County NYC lies within the Federal Judicial District of the United States District Court for the Southern District of New York." (*Id.* at 4.)

## DISCUSSION

Removal of this case is improper. Civil actions may be removed only to the federal court embracing the place where the state action is pending. 28 U.S.C. § 1441(a). Queens County is within the jurisdiction of the United States District Court for the Eastern District of New York, not the Southern District of New York. 28 U.S.C. § 112(c).

According, the Court concludes that this case may not be removed to this Court. Thus, the action must be remanded to the Supreme Court of the State of New York, Queens County. *See Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131 (2d Cir. 2006) (noting that the Circuit has "interpreted section 1447(c) to authorize a remand for either a procedural defect asserted within 30 days of the filing of notice of removal or a lack of subject matter jurisdiction").

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Defendant and note service on the docket. The Court remands this action under 28 U.S.C. § 1447(c) to the Supreme Court of the State of New York, Queens County. The Clerk of Court is directed to send a copy of this order to that court and to close this action. All pending matters are terminated.

SO ORDERED.

Dated: February 17, 2021
New York, New York

*Louis L. Stanton*
Louis L. Stanton
U.S.D.J.